IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WILLIAM EPP, | |
|---|---|
| Petitioner, | 8:18CV323 |
| vs. | |
| BRAD HANSEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on preliminary review of Petitioner William Epp's "Motion for Relief From Judgment Pursuant to Rule 60(b)(3)(4)(6) and Rule 60(d)(1) and (2)" (filing no. 1), which has been docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. However, several pleading deficiencies prevent this matter from proceeding as discussed below.

Although lacking in specifics, it is apparent that Petitioner is challenging his state-court conviction. Petitioner cannot use Rule 60 to attack his state criminal judgment. "It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel,* 275 F. App'x 763, 767 n.1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996]

will apply." *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531–35 (2005) (explaining proper role of Rule 60(b) in habeas cases)).

The appropriate vehicle for Petitioner to challenge his state-court conviction is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This order serves as notice to Petitioner that the court intends to construe his Rule 60(b) motion as a petition for writ of habeas corpus as one brought pursuant to 28 U.S.C. § 2254.[1] In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States,* 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all of his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies. First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

---

[1] From a search of the court's records, it appears Petitioner has not sought federal habeas relief on any prior occasions.

IT IS THEREFORE ORDERED that:

1. Petitioner must voluntarily withdraw his habeas corpus petition within 30 days if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he must file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition. To this end, the clerk of the court is directed to send to Petitioner the Form AO241, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Any amended petition must be filed by Petitioner within 30 days.

3. If Petitioner fails to respond to this order or file an amended petition, the court will construe Petitioner's petition as one filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

4. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number.

5. The clerk of the court is directed to set the following pro se case management deadline: **December 21, 2018**: check for request to withdraw or amended petition.

Dated this 21st day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge