IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIAM EPP,

        Petitioner,

vs.

BRAD HANSEN,

        Respondent.

8:18CV323

**MEMORANDUM AND ORDER**

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 11.) Respondent argues Petitioner William Epp's Petition for Writ of Habeas Corpus (Filing No. 8) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

**A. Conviction and Direct Appeal**

Epp was convicted by a jury of robbery and possession of a deadly weapon by a felon. (Filing No. 12-5 at CM/ECF pp. 1–2.) Epp was found to be a habitual criminal and was sentenced to a 60 to 60-year sentence on both the robbery and possession of a deadly weapon counts with the sentences ordered to be served consecutively. (*Id.* at CM/ECF pp. 3–4.) On October 16, 2009, the Nebraska Supreme Court affirmed Epp's convictions and sentences on direct appeal. (Filing No. 12-3); *see also State v. Epp*, 773 N.W.2d 356 (Neb. 2009).

**B. Postconviction Motion**

Epp filed a postconviction motion to vacate and set aside his convictions in the state district court on November 28, 2016. (Filing No. 12-6 at CM/ECF pp. 1–12.) The state district court denied Epp's postconviction motion without an evidentiary hearing, finding Epp's motion to be time-barred under Nebraska law. (*Id.* at CM/ECF pp. 13–16.) Epp appealed, and the Nebraska Supreme Court affirmed the state district court's denial of postconviction relief, agreeing that the motion was time barred, in an opinion filed April 20, 2018. (Filing No. 12-4); *State v. Epp*, 910 N.W.2d 91 (Neb. 2018). Epp filed a motion for rehearing, which was overruled. (Filing No. 12-2 at CM/ECF p. 2.) The Nebraska Supreme Court issued its mandate on September 14, 2018. (*Id.*)

**C. Habeas Petition**

Epp filed a "Motion for Relief From Judgment Pursuant to Rule 60(b)(3)(4)(6) and Rule 60(d)(1) and (2)" (filing no. 1), which was docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court informed Epp that it would treat his pleading as an actual 28 U.S.C. § 2254 habeas petition and gave Epp until December 21, 2018, to file an amended petition setting forth all his claims. (Filing No. 7.) Epp filed his Amended Petition for Writ of Habeas Corpus (Filing No. 8) on December 17, 2018.

Respondent filed a Motion for Summary Judgment, brief in support, and the relevant state court records. (Filing No. 11; Filing No. 12; Filing No. 13.) Epp filed a brief in response to Respondent's summary judgment motion. (Filing No. 14.) Respondent filed a Notice of Submission indicating that he would not be filing a reply brief. (Filing No. 15.) This matter is now fully submitted for disposition.

## II. ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Epp's conviction became final on January 14, 2010, which is ninety days after the Nebraska Supreme Court affirmed Epp's convictions and sentences on direct appeal on October 16, 2009, and Epp's deadline to petition for a writ of certiorari with the United States Supreme Court expired. *See Gonzalez v. Thaler*, 656 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final

3

"when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from January 14, 2010.

Epp's filing of his motion for postconviction relief in state district court on November 28, 2016, did not toll the limitations period because it had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Epp had until January 14, 2011, to file his habeas petition. He did not file it until over seven years later on July 9, 2018. Petitioner's habeas petition is untimely under § 2244(d)(1)(A).

**B. Equitable Tolling and Actual Innocence**

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Epp does not argue that he is entitled to equitable tolling. As such, Epp has not presented the court with any reason to warrant the application of equitable tolling to the limitations period. Liberally construed, Epp asserts that he is actually innocent because (1) his conviction and sentence were obtained under unconstitutional habitual offender sentencing statutes and (2) there was insufficient

evidence to support his convictions. ([Filing No. 8 at CM/ECF pp. 20–24](); [Filing No. 14]().)

To invoke the actual innocence exception, a petitioner must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. [Schlup, 513 U.S. at 329](). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." [Bousley v. U.S., 523 U.S. 614, 623 (1998)]() (citation omitted). "Courts have permitted petitioners to collaterally attack convictions on the basis of intervening decisions modifying the substantive criminal law defining the offense, despite procedural default, if the petitioner makes a showing of actual innocence—that the petitioner did not commit the offense as modified by a change in law that decriminalizes the conduct." [Robinson v. Sabatka-Rine, No. 8:13CV197, 2016 WL 5254825, at \*9 (D. Neb. Sept. 22, 2016)]() (citing [United States v. Morgan, 230 F.3d 1067, 1070 (8th Cir. 2000)]()).

Here, Epp's arguments are ones of legal innocence, not factual innocence. Epp has presented no new, reliable evidence that was not presented at trial in support of his assertion that the evidence was insufficient to convict him. Additionally, Epp's actual innocence claim based on the alleged unconstitutionality of the Nebraska habitual criminal statute, [Neb. Rev. Stat. § 29-2221](), and the related good time statutes fails as he does not set forth, nor is the court aware of, any "intervening controlling precedent between the time of [Epp's conviction and sentence] and collateral proceedings that has clearly established [Epp's] actions do not constitute a crime and thus that he is actually innocent of the charged offense."[1] [Morgan, 230 F.3d at 1070](). Therefore, Epp has not presented the

---

[1] The Nebraska Supreme Court has specifically rejected similar constitutional challenges to those made here by Epp. *See* [State v. Johnson, 859 N.W.2d 877, 884 (Neb. 2015)]() (rejecting claim that the habitual criminal statutes violate Sixth Amendment and Due Process clause because "there are no factual findings that the trial court must make, in order to enhance a defendant's sentence under the habitual criminal statutes, that are not a part of proving the fact of a prior conviction"); [Caton v. State, 869 N.W.2d 911, 915 (Neb. 2015)]() (retroactive application of

court with any reason to warrant the application of the miscarriage of justice exception.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Epp has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 11) is granted.

2. Petitioner's habeas petition is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

---

court's decision interpreting Nebraska good time statutes as not applying to mandatory minimum sentences did not violate due process when applied to recalculate petitioner's mandatory discharge date). The court has considered these decisions and Epp's constitutional arguments and is not persuaded that the habitual criminal statutes are unconstitutional. In sum, the underlying premise of Epp's actual innocence claim lacks merit.

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 20th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge